**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **TEST MASTERS EDUCATIONAL** | § | |
| **SERVICES, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:17-cv-01820** |
| | § | **(HON. SIM LAKE)** |
| **PHILADELPHIA INDEMNITY** | § | |
| **INSURANCE COMPANY**, | § | |
| | § | |
| *Defendant.* | § | |

---

**DEFENDANT PHILADELPHIA INDEMNITY**
**INSURANCE COMPANY'S ORIGINAL ANSWER**

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

    Philadelphia Indemnity Insurance Company, the Defendant in the above-numbered and styled cause ("Defendant"), through the undersigned counsel, files its Original Answer in response to the Original Complaint (the "Complaint") of Plaintiff Test Masters Educational Services, Inc. ("Test Masters" or "Plaintiff") [Doc. #1], and shows the Court as follows:

<u>NATURE OF THE CASE</u>

    1.    Defendant admits the averments in numbered paragraph 1 of the Complaint to the extent that Plaintiff seeks to recover damages from Defendant in the Complaint, but Defendant denies the averment Plaintiff is entitled to any of the damages it seeks by way of this action.

---

JURISDICTION AND VENUE

2.      Defendant admits the averments in numbered paragraph 2 of the Complaint.

3.      Defendant admits the averments in numbered paragraph 3 of the Complaint.

PARTIES

4.      Defendant is without sufficient information to form a belief as to the truth of the averments in numbered paragraph 4 of the Complaint and Defendant therefore denies those averments.

5.      Defendant admits the averments in numbered paragraph 5 of the Complaint.

STATEMENT OF FACTS

6.      Defendant is without sufficient information to form a belief as to the truth of the averments in numbered paragraph 6 of the Complaint and Defendant therefore denies those averments.

7.      Defendant admits the averments in numbered paragraph 7 of the Complaint.

8.      Defendant admits the averments in numbered paragraph 8 of the Complaint.

9.      Defendant is without sufficient information to form a belief as to the truth of the averments in the first sentence of numbered paragraph 9 of the Complaint and Defendant therefore denies those averments. Defendant admits the

averments in the second sentence of numbered paragraph 9 of the Complaint to the extent Defendant agreed to pay a portion of "those fees" that were determined to be reasonable and necessary and properly segregated and documented; otherwise, Defendant denies the averments in the second sentence of numbered paragraph 9 of the Complaint.

10.     Defendant denies the averments in numbered paragraph 10 of the Complaint insofar as "the reasonableness and necessity of attorney's fees" was documented, that the Plaintiff "properly segregated those fees," or that Defendant "has instead taken a bad faith position on its obligations to pay." Defendant admits the averments of numbered paragraph 10 of the Complaint only to the extent that Defendant has not paid all the fees Plaintiff seeks by way of this action.

## CAUSES OF ACTION

### COUNT 1: BREACH OF CONTRACT

11.     The averments numbered paragraph 11 of the Complaint require no answer.

12.     Defendant admits the averment in numbered paragraph 12 of the Complaint to the extent that Defendant issued an insurance policy to Plaintiff, but denies the averments inferring that the insurance policy covered the full extent of damages Plaintiff seeks in this action.

13.     Defendant is without sufficient information to form a belief as to the truth of the averments of the numbered paragraph 13 of the Complaint that "Plaintiff was ready, willing and able to perform under the policy" and Defendant

therefore denies those averments. Defendant denies the averments in numbered paragraph 13 of the Complaint that "Plaintiff satisfied all conditions precedent under the policy to obtain coverage" and that Plaintiff properly segregated and allocated the attorney's fees and costs to matters falling within policy coverage as opposed to non-covered fees and costs. Defendant also denies the averment in numbered paragraph 13 of the Complaint that Plaintiff demonstrated to Defendant that the fees Plaintiff seeks to recover under the insurance policy were reasonable and necessary.

14. Defendant denies the averments in numbered paragraph 14 of the Complaint.

15. The averments in numbered paragraph 15 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, to the extent the averments in numbered paragraph 15 of the Complaint involve actions and/or inactions by Defendant related to any purported contractual or legal duty, Defendant denies each and every allegation that it violated any alleged contractual or legal duty or that such alleged breach of duty, if any, caused Plaintiff to suffer any injuries or damages. Defendant admits the averment in numbered paragraph 15 of the Complaint only to the extent it alleges that Defendant has not paid all the amounts Plaintiff seeks by way of this action.

16. Defendant denies the averment in numbered paragraph 16 of the Complaint.

17.   The averments in numbered paragraph 17 of the Complaint require no answer. Nevertheless, Defendant denies the averments in numbered paragraph 17 of the Complaint insofar as Plaintiff's purported entitlement to the recovery sought.

## CONDITIONS PRECEDENT

18.   Defendant denies the averment in numbered paragraph 18 of the Complaint, and Defendant more specifically denies that it has waived any conditions precedent. Defendant also denies the averment in numbered paragraph 18 of the Complaint that Plaintiff properly segregated and allocated the attorney's fees and costs to matters falling within policy coverage as opposed to those matters outside such coverage. Defendant also denies the averment in numbered paragraph 18 of the Complaint that Plaintiff demonstrated to Defendant that the fees Plaintiff seeks to recover under the policy were reasonable and necessary.

## JURY DEMAND

19.   Defendant admits that Plaintiff demanded a jury, as Plaintiff avers in numbered paragraph 19 of the Complaint.

## PRAYER

20.   Defendant admits that Plaintiff alleges it seeks each of the categories of damages set forth in the Prayer section of the Complaint, but Defendant denies that Plaintiff is entitled to those damages or any other affirmative relief by way of this lawsuit.

---

### AFFIRMATIVE DEFENSES

21.   Defendant asserts the following affirmative defenses to the claims and causes of action Plaintiff has brought against Defendant in this action.

22.   Defendant alleges it is entitled to a credit or offset for all monies or consideration Defendant paid to or on behalf of Plaintiff for defense costs in the underlying lawsuit. Defendant therefore asserts the affirmative defense of payment.

23.   Defendant alleges it is entitled to a credit or offset for all monies or consideration paid to Plaintiff by virtue of any type or form of settlement agreement entered into by and between Plaintiff and any defendant, settling person, responsible third party or any other person or entity not a party to this lawsuit. Defendant therefore asserts the affirmative defenses of offset, credit, and/or payment, to the extent applicable.

24.   Pleading further and in the alternative, Defendant alleges that discovery in this case may show that Plaintiff failed to mitigate its damages as required by applicable law and Plaintiff's claims and causes of action may therefore be barred in whole or in part.

25.   Pleading further and in the alternative, Defendant alleges that the discovery in this case may show that Plaintiff failed to mitigate its damages as required under the subject insuring agreement and that any damages Plaintiff suffered as a result of such failure to mitigate may therefore be barred in whole or in part.

26.   Pleading further and in the alternative, Defendant asserts that under Texas law, coverage under a policy of insurance cannot be created by waiver or estoppel. *Ulico Cas. Co. v. Allied Pilots Assn.*, 262 S.W.3d 773, 778-79 (Tex. 2008) (citing *Farmers Tex. County Mut. Ins. Co. v. Wilkinson*, 601 S.W.2d 520 (Tex. Civ. App.—Austin 1980, writ ref'd n.r.e.)).

27.   Pleading further and in the alternative, Defendant asserts that if Plaintiff's damages, if any, resulted from both covered and non-covered causes of loss, Plaintiff bears the burden of segregating the damages which resulted from covered causes of loss. *Nat'l Union Fire Ins. of Pittsburgh, Pa. v. Puget Plastics Corp.*, 735 F.Supp.2d 650, 669 (S.D. Tex. 2010); *All Saints Catholic Church v. United Nat'l Ins. Co.*, 257 S.W.3d 800 (Tex. App.—Dallas 2008, no pet.); *see Feiss v. State Farm Lloyds*, 392 F.3d 802, 807 (5th Cir. 2004).

28.   Pleading further and in the alternative, Defendant asserts the coverage language, exclusions, limitations and definitions in the policy of insurance Defendant issued to Plaintiff under number PHPK820876, with effective dates of 01/24/2012 to 01/24/2013 (the "Policy"), provided through Commercial General Liability Coverage Form, CG 00 01 10 01, including but not limited the following:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.   Insuring Agreement**

    **a.**   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property

damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:

**(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period....

29.    The Commercial General Liability Coverage Form defines the term

"property damage" to which it applies:

**17.** "Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it….

30.    The policy also affords coverage for personal and advertising injury

liability, subject to certain exclusions:

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1.    Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply….

---

**2. Exclusions**

This insurance does not apply to:

**a. Knowing Violation Of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

**c. Material Published Prior To Policy Period**

"Personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

**i. Infringement Of Copyright, Patent, Trademark Or Trade Secret**

"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your "advertisement".

However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.

31.    The policy defines the terms "advertisement" and "personal and advertising injury," as used in the provisions quoted above:

**1.** **"**Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters.  For the purposes of this definition:

**a.** Notices that are published include material placed on the Internet or on similar electronic means of communication; and

**b.** Regarding web-sites, only that part of a website that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

**g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

---

## PRAYER

BASED ON THE FOREGOING, Defendant Philadelphia Indemnity Insurance Company, having fully answered, prays that upon final hearing and trial, the claims and causes of action Plaintiff Test Makers Educational Services, Inc. has brought against such Defendant be dismissed with prejudice, that Plaintiff take nothing by its claims and causes of action, and that such Defendant obtain all other relief to which it may be entitled.

Dated:   August 8, 2017

Respectfully submitted,

_/s/   William R. Pilat_

William R. Pilat
Texas Bar No. 00788205
S.D. Tex. Admission No. 18655
KANE RUSSELL COLEMAN & LOGAN PC
5051 Westheimer Road, Suite 1000
Houston, Texas 77056
Telephone:  713-425-7400
Facsimile:  713-425-7700
Email:  wpilat@krcl.com

ATTORNEY-IN-CHARGE FOR DEFENDANT
PHILADELPHIA INDEMNITY INSURANCE
COMPANY

---

**OF COUNSEL:**

Andrew J. Mihalick
Texas Bar No. 24046439
S.D. Tex. Admission No. 595221
KANE RUSSELL COLEMAN & LOGAN PC
5051 Westheimer Road, Suite 1000
Houston, Texas 77056
Telephone:  713-425-7400
Facsimile:  713-425-7700
Email:  amihalick@krcl.com

## CERTIFICATE OF SERVICE

I certify that on August 8, 2017, a true and correct copy of the foregoing *Original Answer* was forwarded to all other counsel of record, as listed below, via electronic filing through the electronic service provider for the United States District Courts for the Southern District of Texas:

Joseph D. Sibley
Camara & Sibley, LLP
4400 Post Oak Pkwy., Suite 700
Houston, Texas 77027

_____/s/   William R. Pilat_____
William R. Pilat